UNITED STATES, Appellee

v

EDWARD W. JONES, Specialist Second Class,
U. S. Army, Appellant

9 USCMA 709, 26 CMR 489

*Captain John F. Christensen* and *First Lieutenant Lawrence R. Fullem* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Jay D. Fischer* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Although the accused's petition for grant of review roundly condemned paragraph 47d of the Department of the Army Pamphlet No. 27-10, Military Justice Handbook: The Trial Counsel and The Defense Counsel, October 1954, of which we disapproved in United States v Darring, 9 USCMA 651, 26 CMR 431, the record does not disclose that the advice furnished the accused was predicated upon this policy in the present case. However, accused's unchallenged affidavit indicates his decision to forego appellate representation was not freely and voluntarily made.

The decision of the board of review is set aside and the record of trial returned to The Judge Advocate General of the Army for a rehearing of the cause before another board of review, the accused at that time to be granted an election as to whether or not to be represented by appellate counsel.

QUINN, Chief Judge (concurring):

It is alleged by the accused, and not disputed by the Government, that when he was informed of his right to appellate counsel before the board of review, not by his defense counsel as provided by paragraph 48j (3) of the Manual for Courts-Martial, United States, 1951, but by the officer appointed to review his case, he was informed that "counsel was not ordinarilly [sic] requested because the case would be reviewed in Washington anyway and that a request for counsel would only delay matters." Although it is alleged that the advice was provided in response to the Army policy to discourage requests for appellate representation by the accused who plead guilty, there is no actual showing that the policy prompted the advice. Nevertheless, the unchallenged statements by the accused indicate that his decision not to request appellate counsel was not freely and voluntarily made. I, therefore, join in setting aside the decision of the board of review and ordering a rehearing of the cause before another board of review.

LATIMER, Judge (dissenting):

I dissent.

I agree with the majority that this is not a case of the accused being advised to refuse appellate representation as a matter of Army policy. Compare United States v Darring, 9 USCMA 651, 26 CMR 431. However, the Uniform Code of Military Justice requires the accused to request appellate defense counsel and my reading of his affidavit leads me to conclude that he voluntarily waived his privilege for his own benefit after being informed that a board of review could reverse the conviction or reduce the sentence. I would therefore affirm the decision of the board of review.