John Alois KOTT, Petitioner,

v.

LaMoyne GREEN, Superintendent, Marion Correctional Institution, Respondent.

No. C 66-226.

United States District Court
N. D. Ohio, W. D.

Sept. 4, 1968.

Niki Z. Schwartz, Samuel A. Bleicher, Toledo, Ohio, for petitioner.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent.

OPINION

DON J. YOUNG, District Judge.

This matter is before the Court for decision on a petition for a writ of

habeas corpus, the Court having conducted an evidentiary hearing pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit. Kott v. Green, 387 F.2d 136 (1967). The hearing was held in two stages, the first on February 15, 1968, where the petitioner testified extensively himself, and the second on March 8, 1968, in which petitioner presented two further witnesses in his behalf, and respondent presented one. Petitioner has been represented throughout the latter stages of these habeas corpus proceedings by two court-appointed counsel.

The chief allegation of the petitioner in support of his prayer for relief is that he was denied the effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution, during the criminal proceedings against him in the Court of Common Pleas of Stark County, Ohio in 1964.

On September 8, 1964, petitioner appeared in the Stark County Court of Common Pleas for arraignment upon an indictment for grand larceny. Petitioner on that date entered a plea of not guilty by his counsel, Mr. Nelson Snyder, of Canton, Ohio. Then on October 6, 1964, petitioner again appeared with his attorney and changed his plea to guilty. On October 30, 1964, petitioner was sentenced to a term of one to seven years in the Ohio Penitentiary. The Court of Appeals for the Sixth Circuit stated the issues raised by the petition in this Court to be whether petitioner's confession to the Canton Police and his subsequent plea of guilty were voluntarily made. However, petitioner's counsel have incorporated those claims into a broader one, that of ineffective assistance of counsel. It is argued that the entry of a plea of guilty by petitioner's attorney in the state proceedings, when such attorney had failed to fully investigate the facts of the case, the law pertaining to the charges, or the circumstances of the confession which would undoubtedly be used against him on a plea of not guilty, constituted an ineffective representation by counsel of petitioner's best interests.

▆ This Court has carefully considered the record made during the evidentiary hearings conducted in this matter, as well as the files in the case, giving special attention to the issue of the adequacy of petitioner's representation. Looking at the record as a whole, it is the conclusion of this Court that petitioner was not afforded the effective representation of counsel which the Sixth Amendment and the due process clause contemplate. Of course, the mere fact of short consultation time by the attorney, coupled with unfavorable results for the accused, does not furnish support for even a prima facie case of incompetency of counsel, and each case is to be considered on its own facts. Although the amount of work necessary to afford a criminal defendant a constitutionally acceptable level of representation will thus vary from case to case, the standard for measuring the quality of representation should not. Every criminal accused who desires counsel should be entitled to expect his lawyer to perform at least as well as any attorney with ordinary training in the legal profession, and to exercise the usual amount of skill and judgment exhibited by an attorney conscientiously seeking to protect his client's interests. To hold that criminal defendants are not entitled to this normal level of representation would be to undercut the policies behind Gideon v. Wainwright [1] and its progeny.

In the instant case, while the record indicates that petitioner's attorney conferred with him for a period of time somewhere between a half hour and an hour, and that he attempted to secure probation for his client by promising restitution, he did not attempt to investigate the facts surrounding the confession given by petitioner to the police, the physical circumstances under which the money was taken, nor to interview any of the other workers who had been

1. 372 U.S. 335, 82 S.Ct. 792, 9 L.Ed.2d 799 (1963).

present at the scene of the crime. And although the field of criminal law was not his primary area of expertise,[2] petitioner's counsel did not research the law relative to the admissibility of confessions, nor to the crime of larceny and its possible defenses. His representation on behalf of the petitioner, and advice to the petitioner as to pleading, had as their sole factual basis the statements by the client to his attorney. The facts of this case would require an attorney seeking to conscientiously protect his client's best interests to go further than a mere reliance upon this one factual source, and independently investigate the facts regarding the alleged crime and confession, also researching the law in the relevant areas of the criminal field in order that he might be apprised of any possible defenses to the charge. The failure to do such investigation and research rendered the quality of petitioner's representation constitutionally inadequate. Jones v. Cunningham, 297 F.2d 851, 855 (4th Cir. 1962);[3] Bell v. Alabama, 367 F.2d 243, 247 (5th Cir. 1966); Brubaker v. Dickson, 310 F.2d 30, 35, 39 (9th Cir. 1962), *cert. denied,* 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963). In a case decided long before Gideon v. Wainwright, *supra,* the Supreme Court in speaking of the value of the right to counsel described one of counsel's functions as follows:

> Prior to trial an accused is entitled to rely upon his counsel to make 'an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948).

Petitioner's counsel in the case at bar did not make such an independent examination, and the facts of the case are such that one was required in order for petitioner to receive the effective representation by an informed counsel that the Constitution guarantees him.

As is often true in cases where a constitutional right has not been afforded a criminal accused, it is difficult to point to any specific prejudice flowing from that denial. In the case at bar, petitioner could not have fared much worse than the sentence he received had he pleaded not guilty and been found guilty by a jury, but that is not the point. Where a defendant has been denied a fundamental constitutional right, he is not required to show specific prejudice. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

This Court having found from a thorough search of the files in this case and the record made at the evidentiary hearings in the matter that petitioner was not afforded the effective representation of counsel that the Sixth and Fourteenth Amendments to the United States Constitution require, his conviction must be set aside as invalid. An order will be entered in accordance with this opinion.

## ORDER

For the reasons stated in the accompanying opinion, and good cause therefore appearing, it is now concluded that the judgment and sentence pursuant to which respondent and the STATE OF OHIO hold petitioner in custody is void, and it is

Ordered that the writ of habeas corpus be and the same is hereby conditionally granted, and it is

Further ordered that the STATE OF OHIO and the COUNTY OF STARK shall have sixty (60) days time in which they may take further action against petitioner, but upon the expiration of

---

2. Record of March 8, 1968 proceedings, p. 28.

3. In a later development in this case where the petitioner was ultimately successful, reported as Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963), the language of the Court at p. 353 of the opinion is relevant to the instant case.

that period without such action, the respondent, LaMoyne Green, by his successor E. Peter Perini, Superintendent of Marion Correctional Institution, the STATE OF OHIO, and the Adult Parole Authority shall finally and unconditionally cause petitioner to be released and discharged from their control.