**UNITED STATES, Appellee,**

v.

**Harold F. PALENIUS, Specialist Four,
U. S. Army, Appellant.**

**No. 30,489.
CM 432944.**

U. S. Court of Military Appeals.

Feb. 1, 1977.

*Captain Donald R. Jensen* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain John M. Nolan,* and *Captain Michael R. Caryl.*

*Captain William A. McNutt* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John F. DePue,* and *Captain Allan A. Toomey.*

Opinion of the Court

PERRY, Judge.

The appellant was found guilty by a general court-martial of the offenses of larceny and wrongful appropriation in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for a period of 2 years, and reduction to the lowest enlisted grade. The conviction and sentence were approved by the convening authority and have been affirmed by the United States Army Court of Military Review. We granted review to consider the appellant's claim that he was denied the effective assistance of counsel, guaranteed by the Sixth Amendment of the United States Constitution, and by Article 70(c), UCMJ, 10 U.S.C. § 870, when on the same day of and subsequent to his trial and conviction and pursuant to the advice of his trial defense attorney, he signed a statement which *inter alia* stated that he did not want to be represented by counsel in his automatic review proceedings before the United States Army Court of Military Review. Stated differently, the appellant contends that he executed the statement solely because of the improper and incorrect advice of his trial defense attorney and that therefore the purported waiver of the right to be represented by an attorney is a nullity. We have examined the record of proceedings below and have concluded that the incorrect advice of the trial defense attorney, together with the failure of that attor-

ney to take additional action on behalf of his client, deprived the appellant of the effective assistance of counsel. We reverse.

## I

The statement which the appellant signed is a standard form document entitled "Request for Appellate Defense Counsel" on which he acknowledged that after having been advised of the right to representation before the Army Court of Military Review in the automatic appeal from his conviction, it was his desire *not* to be represented before that court by appellate defense counsel.[1] The appellant stated that he signed the document solely upon the advice of his trial defense attorney. He further states:

> He [counsel] said that there was a good chance that my conviction would be overturned by the Court of Military Review and that it would be quicker and better not to have an attorney represent me there.

The appellant's trial defense attorney states, *inter alia* :

> [A]t the conclusion of the Palenious [sic] trial, my first contested General Court-Martial, I repeated to then Specialist Palenious [sic] what I had been told by . . the senior defense counsel in our office. That advice was to the effect that the most speedy way to have a case reviewed was not to request review of the case. Otherwise, I was told the case would go to someone's case file and not be reviewed for a year or more. I subsequently learned that this advice was not the most informed advice and have ceased giving it. If it appears that Sp. 4 Palenious [sic] waived his right to appellate counsel it was on the aforementioned advice . . . .

In effect, the appellant's trial defense counsel advised his client that appellate defense counsel could do him no good and that, in fact, counsel only would unduly

delay matters. As has been stated, the appeal went forward to the Army Court of Military Review, which has affirmed the conviction and sentence. Since no counsel represented the appellant, no assignments of error were presented to the Court of Military Review nor was a brief submitted to that court on his behalf.[2] The record is silent concerning whether the trial defense counsel reviewed the staff judge advocate's review or that he submitted or even considered submitting pleas in mitigation to the convening authority or that he even considered taking any action contemplated by Article 38(c), UCMJ, 10 U.S.C. § 838(c). His statement, alluded to above, suggests that he relied upon the advice of the senior defense counsel in his office that "the most speedy way to have a case reviewed was not to request review of the case." It is therefore unlikely that he took any action which might have interfered with the process of speedy review which he mentions. That is evident by the fact that the appellant, pursuant to the advice of the attorney, signed the statement purporting to waive the right of representation on appeal on the same day on which the sentence was announced, prior to the review of the staff judge advocate and prior to final action by the convening authority.

## II

■ The Sixth Amendment to the Constitution of the United States guarantees that an accused individual brought to trial on criminal charges must be afforded the right to the assistance of counsel before that person can be validly convicted and punished. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 1178 (1963); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

---

1. The form appears in appendix XXI, Department of the Army Pamphlet No. 27–10, Military Justice Handbook, The Trial Counsel and the Defense Counsel (Aug. 1969).

2. We do not suggest that there were errors which might have been presented or argued had the appellant been represented by counsel in his appeal and do not reach that question here.

In *Powell v. Alabama, supra* at 60, 64–65, 53 S.Ct. at 61, 62, the Court observed:

> Originally, in England, a person charged with treason or felony was denied the aid of counsel, except in respect of legal questions which the accused himself might suggest. At the same time parties in civil cases and persons accused of misdemeanors were entitled to the full assistance of counsel.
>
> . . . . .
>
> It thus appears that in at least twelve of the thirteen colonies the rule of the English common law, in the respect now under consideration, had been definitely rejected and the right to counsel fully recognized in all criminal prosecutions, save that in one or two instances the right was limited to capital offenses or to the more serious crimes . . . .

And in *Argersinger v. Hamlin, supra,* Mr. Justice Douglas, commenting upon the foregoing language, observed that the Sixth Amendment thus extended the right to counsel beyond its common law dimensions. Indeed, the assistance of counsel is often a requisite to the very existence of a fair trial. In *Gideon v. Wainwright, supra,* the Supreme Court extended the Sixth Amendment right to counsel to indigent defendants. The right of an accused to the assistance of counsel on appeal has been recognized in a number of cases. Thus, in *Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), it was held that an indigent accused's constitutional rights were denied by the failure of the state courts to appoint counsel to represent him on his appeal from a conviction. The Court stated that the assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant and this advantage may not be denied to criminal defendants. And in *Arsenault v. Massachusetts,* 393 U.S. 5, 6, 89 S.Ct. 35, 36, 21 L.Ed.2d 5 (1968) (footnote omitted), the Court stated:

> The right to counsel at the trial (*Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 1178); on appeal (*Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811); and at the other "critical" stages of the criminal proceedings (*Hamilton v. Alabama, supra* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114) have all been made retroactive, since the "denial of the right must almost invariably deny a fair trial." See *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199.

Moreover, Article 70(c), UCMJ, 10 U.S.C. § 870, and the Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 102*b,* provide the military accused with the right to appellate defense counsel. See *United States v. Jones,* 9 U.S.C.M.A. 709, 26 C.M.R. 489 (1958); *United States v. Darring,* 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958).

■ It is thus recognized that the right to be represented by counsel at the trial and on appeal are primary rights of persons accused of crime in the civilian and military communities in the United States. And this includes the right to the effective assistance of counsel by an attorney who carefully investigates the facts and circumstances which gave rise to criminal charges, the marshaling of evidence favorable to the accused and the rendering of competent and informed advice to his client with respect to the evidence and available options.[3]

---

3. See *United States v. Decoster,* —— F.2d —— (D.C. Cir., 1976); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974); *Garton v. Swenson,* 497 F.2d 1137 (8th Cir. 1974); *Johns v. Perini,* 462 F.2d 1308 (6th Cir. 1972), *cert. denied,* 409 U.S. 1049, 93 S.Ct. 519, 34 L.Ed.2d 501 (1972); *Pennington v. Beto,* 437 F.2d 1281 (5th Cir. 1971); *Andrews v. United States,* 403 F.2d 341 (9th Cir. 1968); *Coles v. Peyton,* 389 F.2d 224 (4th Cir. 1968), *cert. denied,* 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968); *Brooks v. Texas,* 381 F.2d 619 (5th Cir. 1967); *Brubaker v. Dickson,* 310 F.2d 30 (9th Cir. 1962), *cert. denied,* 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963); *McLaughlin v. Royster,* 346 F.Supp. 297 (E.D.Va.1972); *Knott v. Green,* 303 F.Supp. 821 (N.D.Ohio 1968); *Goodwin v. Swenson,* 287 F.Supp. 166 (W.D.Mo.1968); *Smotherman v. Beto,* 276 F.Supp. 579 (N.D. Tex.1967).

 Although the Court of Military Review has the independent duty to review the records in all cases referred to it,[4] it cannot be seriously doubted, we think, that one who has an advocate for his cause is better situated than that person who is without a partisan voice.[5] The United States Supreme Court recognized as much, in the context of trial representation, in its recent decision in *Faretta v. California, supra,* 422 U.S. at 835, 95 S.Ct. at 2541:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. *Johnson v. Zerbst,* 304 U.S. 458, at 464–465, 58 S.Ct. [1019], at 1023, 82 L.Ed. 1461. Cf. *Von Moltke v. Gillies,* 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309, (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann,* 317 U.S. 269, at 279, 63 S.Ct. [236,] at 242, 87 L.Ed. 268.

Our own opinions echo this concern. In *United States v. Howell,* 11 U.S.C.M.A. 712, 717, 29 C.M.R. 528, 533 (1960), this Court stated:

> We will recognize the general rule is that a waiver of this sort [to the assistance of counsel] should not be accepted by a law officer unless it is shown to be intentional and with full knowledge of its consequences.

 At the appellate level, as at the trial, it is important not only that the individual be advised concerning the right to be represented by an attorney but of the consequences of proceeding or of permitting his appeal to proceed without the assistance of an attorney. *Faretta v. California, supra.* In the instant case, the trial defense counsel had the duty to advise the appellant of those rights.[6] The form signed by the appellant indicates that he received advice concerning the right to be represented by an attorney on his appeal. However, we believe the advice given was unduly restricted and did not adequately and fully advise the appellant concerning the appeal process. An accused convicted at trial cannot make an informed decision concerning whether to accept or reject representation by an attorney in his appeal from that conviction unless he is made aware of the powers of the Court of Military Review and of the defense counsel's role in causing those powers to be exerted.[7] *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.

---

4. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

5. See Introduction, ABA Standards, The Defense Function (1971), which states:
 > Although our law recognizes the right of a defendant to defend himself without the assistance of counsel if he so chooses, judges, prosecutors and defense counsel are unanimous in the opinion that justice is undermined when any party proceeds without a professional advocate.

6. Paragraph 48*k*(3), Manual for Courts-Martial, United States, 1969 (Rev.); ABA Standards, The Defense Function § 8.2 (1971).

7. These powers include the obligation to review the entire record for sufficiency as to the finding of guilt as to all charges and a determination anew of the appropriateness of the approved sentence. Article 66(c), UCMJ, 10

U.S.C. § 866(c). These duties should be explained in terms understandable to the accused. As to the power of the Court of Military Review to determine the sufficiency of the evidence upon which the conviction rests, the accused should be made aware that this means that the judges of that court must review the trial transcript and themselves be satisfied beyond a reasonable doubt of the guilt of the accused based upon the evidence of record. Concerning the authority of the Court of Military Review to affect the sentence, the accused should be advised that if the court is convinced that the sentence as approved by the convening authority is unduly severe, that court has the authority and the duty to reduce the sentence accordingly but that under no circumstance may the court increase the sentence as approved.

1461 (1938). Counsel's role at that stage of the proceeding includes the thorough examination of the record of trial and setting forth for the Court of Military Review such facts and arguments as would militate against affirmance of the findings of guilt or of the sentence as approved by the convening authority.[8] The decision to forego appellate representation leaves the appellant without the benefits that may properly result from representation.[9] We do not suggest that the appellant may not under any circumstances forego appellate representation. The United States Supreme Court has, quite recently, upheld the right of persons accused of crime to forego the right to be represented by counsel at trial and to represent themselves. *Faretta v. California, supra.* But we perceive that the Government has a heavy burden of demonstrating that a convicted accused has waived the right to be represented by counsel in his appeal.

■ We conclude that upon the record before us, the advice which the appellant's trial defense attorney gave him to forego appellate representation together with the failure of that attorney to provide minimum representation concerning the interests of the appellant during the post-trial stages preceding transmittal of the record to the Court of Military Review constituted inadequate representation of the appellant's interests. We further conclude that, because the advice given the appellant that counsel could do him no good was erroneous, the decision which the appellant made to forego such representation, based as it was upon that erroneous advice, was not intelligently made. As such, that decision is a nullity and cannot constitute a waiver of the right to representation by an attorney in his appeal. *Faretta v. California, supra; Johnson v. Zerbst, supra; United States v. Darring, supra.*

8. Counsel on appeal is not obligated to fabricate a case for the appellant and is required to be scrupulously honest in his presentations at all times.

9. *See* note 7 *supra.*

## III

The problem presented in this case is not novel in this Court. In fact, it is a recurring one which has surfaced periodically [10] and continues to surface from time to time in the petitions for review which come before us. Most of the servicemen and women who experience the unhappy distinction of being tried and convicted by courts-martial are young and inexperienced in court procedures and the various machinations of the law. The vast majority of them are without personal resources with which to employ more experienced counsel. Often the trial takes place in geographic areas far removed from their homes and, indeed, outside the continental United States. Many such persons are convicted by the tribunal before whom they are tried and sentenced *inter alia* to punitive discharges which adversely affect their lives and careers forever thereafter. While they have the right to be defended by counsel of their choosing, including skillful and experienced lawyers from the civilian community, the vast majority of them are represented by the young lawyers appointed by the Judge Advocates General. Time and again we have been impressed with the able and skillful manner in which these young lawyers have represented their clients. But the difficult problems they encounter because of inexperience and the vicissitudes of military practice sometimes produce the curious dilemma with which the appellant here was confronted immediately after his trial and conviction. Because of that fact, we deem it advisable to set forth some pertinent observations concerning what an attorney should do in furtherance of his client's cause and the criteria by which claims of inadequacy of representation of the accused's interests subsequent to trial shall hereafter be deter-

10. *See United States v. Harrison,* 9 U.S.C.M.A. 731, 26 C.M.R. 511 (1958); *United States v. Jones,* 9 U.S.C.M.A. 709, 26 C.M.R. 489 (1958); *United States v. White,* 9 U.S.C.M.A. 692, 26 C.M.R. 472 (1958); *United States v. Darring,* 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958); and *United States v. Butler,* 9 U.S.C.M.A. 618, 26 C.M.R. 398 (1958).

mined. The problem has its origin, at least in part, from the prevailing practice of assigning separate appellate defense counsel to represent the convicted accused on appeal. At some point prior to the time the new attorney commences to represent the accused on appeal, the original trial defense counsel ceases to act on behalf of his client and in many instances has no contact with the appellate counsel. This practice results in a fragmented, noncontinuous representation of convicted accused persons with a resultant uncertainty concerning when the one ends and when the other begins, all to the possible detriment of the accused.

As was stated by the Supreme Court in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client as opposed to that of *amicus curiae.* After trial and conviction of the accused, the trial defense attorney should and can with honor be of much more assistance to his client and to the court. First, the trial defense attorney should advise his client concerning the appeal process including the various intermediate reviews subsequent to the trial and prior to transmittal of the record to the Court of Military Review. Additionally, he should take action on behalf of his client as necessary during the intermediate reviews contemplated by the Uniform Code of Military Justice.[11] This includes the reviewing of the staff judge advocate's report with his client and the presentation of pleas to the convening authority for modification or reduction of sentence if in his or his client's judgment such is appropriate or desirable.

Second, the trial defense attorney should familiarize himself with the grounds or issues, if any, which should be argued during the appeal before the Court of Military Review. These should be discussed with his client and passed on to the appellate defense counsel when that counsel enters the case.

Third, the trial defense attorney can and should remain attentive to the needs of his client by rendering him such advice and assistance as the exigencies of the particular case might require. An exhaustive review of the myriad duties in this area would be inappropriate. However, an example may be found in Article 57(d), UCMJ, 10 U.S.C. § 857(d), which creates the right of deferment of sentence, upon application by the accused, in those instances in which the convening authority or the person having general court-martial jurisdiction chooses to grant such.

Finally, the prevailing practice among some trial defense attorneys of ceasing all activity on behalf of their clients and, in effect, terminating the relationship of attorney and client without the permission of their clients or of the courts can no longer be countenanced. The trial defense attorney can with honor and should maintain the attorney-client relationship with his client subsequent to the finding of guilty while performing the duties we set forth today until substitute trial counsel or appellate counsel have been properly designated and have commenced the performance of their duties, thus rendering further representation by the original trial defense attorney or those properly substituted in his place unnecessary. At such time, an application should be made to the judge or court then having jurisdiction of the cause to be relieved of the duty of further representation of the convicted accused. The court to whom the application to be relieved is directed may then take such action as will assure the uninterrupted representation of the accused as is contemplated by Article 70(c), UCMJ, 10 U.S.C. § 870, the Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 102*b,* and the Sixth Amendment to the Constitution of the United States by relieving that attorney of the duty of further representation of the convicted accused or by taking other action as the court deems appropriate under the circumstances.

11. Articles 60–64, UCMJ, 10 U.S.C. §§ 860–864.

The decision of the United States Army Court of Military Review is reversed, and the case is remanded to that court for a new review under circumstances not inconsistent with the views we have delineated today. The Judge Advocate General of the Army is directed to appoint appellate counsel to represent the parties in a new review before that court.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

A number of statements in the principal opinion impel me to limit my concurrence to the result. Even as to that, I have grave doubt that the advice given the accused by his trial counsel was so egregiously wrong as to have improperly influenced the accused to give up his right to be represented by a lawyer for the review of his case by the Court of Military Review, but I think it appropriate to resolve the doubt in favor of the accused.

Among the matters in which I cannot join is the imputation of incompetence attributed to defense counsel generally merely because they are newly admitted to the bar; and the implication that accused's particular defense counsel was less than adequate in his representation of the accused, notwithstanding that in footnote 2 the majority eschew the idea there are material errors in his conduct of the case. I share the majority's desire to insure that an accused not be deprived of counsel, without his consent, during post-conviction review, or that he be given substitute counsel, without regard to whether he wishes to establish an attorney-client relationship with such counsel. *See United States v. Miller,* 7 U.S.C.M.A. 23, 21 C.M.R. 149 (1956). However, I perceive some serious technical difficulties with the procedure promulgated by them. For example, the majority apparently contemplate recusal of a trial defense counsel by the trial judge of the court-martial that convicted the accused; the rule seems not to consider that the court-martial might cease to exist after the trial or that it might lose jurisdiction over the case. Rather than prescribe rigid rules, I would be inclined to stress the necessity for continued representation of the accused, and I would allow the services to adopt measures suitable to their own situations, and flexible enough to be readily accommodated to the circumstances that may arise in particular cases, especially when the accused is returned from a foreign country to the United States.