UNITED STATES, Appellee,

v.

Vance Dernard STERLING, Jr., 439 82 1820, Seaman Recruit (E-1), U. S. Navy, Appellant.

NCM No. 78 0444.

U. S. Navy Court of Military Review.

Sentence Adjudged 9 Dec. 1977.

Decided 28 April 1978.

Commander S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

Lieutenant Commander N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

En Banc.

Memorandum Decision on Application of Trial Defense Counsel for Relief from Further Representation

PER CURIAM:

In response to an order of this Court, appellate defense counsel has filed a "Mo-

tion For Relief of Trial Defense Counsel From The Responsibility of Post-Trial Representation", which had been submitted by trial defense counsel on a form request accompanying the record of trial. This is one of many such applications by trial defense counsel that have been submitted to this Court in a variety of ways with differing responses from appellate counsel, whose statement of concurrence or nonconcurrence in the relief has been uniformly solicited by Court Order. This diversity of approaches has prompted en banc consideration in this case of the matter of relief of trial defense counsel in order that a uniform procedure for submission and action upon such applications might be promulgated for the direction and guidance of both trial and appellate defense counsel. The en banc consideration in this case is limited solely to the Motion for Relief of Trial Defense Counsel.

█ Trial defense counsel desiring relief from the responsibility of further post-trial representation, when appellate representation has been requested by an accused, in a case over which this Court exercises jurisdiction, shall forward his application to appellate defense counsel detailed to represent the appellant in accordance with Article 70, UCMJ, 10 U.S.C. § 870. Requests for relief, when appellate representation has not been requested by an accused, submitted directly to the Court, will ordinarily not be granted unless a substitute counsel has been appointed by appropriate authority.

Trial defense counsel is neither encouraged nor discouraged from applying for relief from post-trial representation, as explicated in *United States v. Palenius,* 25 U.S. C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977). However, the Court does expect that any such application will be the product of a conscious, rational consideration by both trial and appellate defense counsel, supporting a conclusion that further representation by the original defense counsel is no longer necessary in order to adequately protect the interests of an accused.

As a minimum predicate for his relief, in the usual case, trial defense counsel shall

assure the Court in his application that appellate defense counsel has been appointed or has been requested by the accused. The Court shall also be informed that trial defense counsel has performed all post-trial duties, including examination of the staff judge advocate's review, and will continue to do so until actual notification of his relief. Additional specific factors, pertinent to an informed action on the request for relief, shall be included if unusual circumstances exist. Examples of pertinent matters, although certainly not all-inclusive, include counsel's impending release from active duty, distant geographical separation of counsel and accused, the necessity for appointment of substitute counsel for good cause, and mental or physical conditions which would render effective representation difficult.

Appellate defense counsel shall, in turn, incorporate the application by the trial defense counsel in a motion to this Court pursuant to Rules 8, 13 and 21, Courts of Military Review Rules of Practice and Procedure (1969). The motion filing trial defense counsel's application for relief shall contain, as a minimum, a representation that appellate defense counsel has commenced his duties and shall state whether appellate defense counsel concurs or does not concur in the relief of trial defense counsel from further representation of appellant. Reasons for nonconcurrence will be given.

█ Barring unusual circumstances, trial defense counsel will normally be relieved of post-trial responsibilities of representation, upon request, when an appellate defense counsel has been designated and has actually commenced the performance of his duties. The mandate of *United States v. Palenius, supra,* is satisfied as long as an accused has uninterrupted representation from trial until finality of review under Article 76, UCMJ. It must be paramount in the minds of both trial defense counsel, in submitting his request, and appellate defense counsel, in determining whether to concur in the request, that the interests of their client must be fully protected and in

no meaningful way jeopardized by release of the trial defense counsel.

The motion for relief of trial defense counsel, as requested by him and filed in this Court by appellate defense counsel detailed pursuant to Article 70, UCMJ, is hereby granted.

Chief Judge CEDARBURG, Senior Judge DUNBAR, Judges ROOT, BAUM, GREGORY, GLADIS and GRANGER, concur.

NEWTON, Senior Judge (Concurring/Dissenting):

I agree with my brothers, in their inferential statement of law, that an accused before a court-martial proceeding must receive adequate and continuous defense representation at all stages of that proceeding until the judgment becomes final. *United States v. Palenius,* 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977); *United States v. Kelker,* 4 M.J. 323 (C.M.A.1978). I disagree with their precipitous rush to assist in relief of trial defense counsel without adequate showing of cause for relief. I note a court-martial judgment does not become final until the last review of the proceedings. Art. 76, UCMJ, 10 U.S.C. § 876. Counsel is necessary along the way.

I see no need to relieve trial defense counsel of his responsibilities in representing an accused absent a showing of good cause. I find no authority therefor, absent a showing of good cause. *Palenius, supra,* and the *Manual for Courts-Martial, United States, 1969* (Revised edition), para. 102*b*, require nothing less. That does not mean a trial defense counsel must wet-nurse an accused through his confinement, or while otherwise awaiting completion of review, unless some assistance directly related to the court-martial proceedings becomes necessary. I can think of no better legal counsel for an accused, at his level, than his trial counsel—to assist in any proper matter concerning appellate review, which assuredly does not contemplate appearance before appellate courts. *See* the final paragraph, page 20–5, *Manual, supra; Kelker, supra.*

A showing of good cause, properly presented to this Court by appellate defense counsel, seeking relief of trial defense counsel may consist of a specific and adequate showing by motion of, *inter alia:*

1. The accused's consent to such relief after proper advice, and appellate defense counsel's unqualified consent thereto,
2. Trial defense counsel's release from active duty,
3. Geographical separation of trial defense counsel and the accused which renders further representation impractical,
4. Mental or physical debility of trial defense counsel,
5. Conflict between counsel, or between counsel and the accused,
6. Specific ethical considerations or conflicts, or,
7. Other matters as appropriate and warranted under the circumstances.

*See* Disciplinary Rule 2–110, *Code of Professional Responsibility,* ABA (1976). When good cause is shown, trial defense counsel is no longer necessary to the proceedings and may be relieved. *Palenius, supra.*

Absent a showing of good cause, *i. e.* a showing trial defense counsel is no longer necessary, I would not grant relief of trial defense counsel. I find the stakes too high to gamble that relief of counsel is otherwise appropriate. I find no other recognized way to ensure an accused is adequately and continuously represented in the court-martial process. Nor, will such requirement overburden counsel. It only requires them to represent their client until final judgment or other proper release from that responsibility. I am unable to accept my brothers' determination as to when they will relieve trial defense counsel. I do not believe a desire to be absolved of responsibility on the part of counsel is reasonable grounds for relief.

It is erroneous to conclude that good cause for relief may be shown by denomination of appellate defense counsel who is performing appellate duties, an accused informed of his legal interests to date, and a

statement that trial defense counsel has properly performed his duties to date, along with appellate defense counsel's consent to relief. It is erroneous because that conclusion does not recognize that appellate counsel and client are widely separated and that an accused may need and should have "on-scene" advice. Those reasons are not reasonable grounds for relief. Advice is the touchstone of adequate and continuous legal representation, and should not terminate prematurely unless for good cause.

I would deny the instant relief of trial defense counsel.

AND IT IS FURTHER ORDERED, that this Memorandum Decision be, and the same is, hereby remanded to the Judge Advocate General of the Navy for proceedings not inconsistent with the Memorandum Decision of the majority above.

WITNESS The Clerk of the United States Navy Court of Military Review, the twenty-eighth day of April, in the year of Our Lord one thousand nine hundred and seventy-eight.