## UNITED STATES

v.

**William Charles JONES, 449 68 7812, Disbursing Clerk First Class (E–6), U. S. Navy.**

**NMCM 80 2648.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 April 1980.

Decided 31 Dec. 1981.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error and the Government's reply thereto and have concluded that the

findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

BAUM, Senior Judge (dissenting):

I cannot concur with the majority's action which finds no prejudicial error and thereby rejects appellant's assertion that he was prejudicially denied effective post-trial assistance of counsel. I believe appellant did not receive adequate representation after trial as guaranteed to him in *United States v. Palenius*, 2 M.J. 86 (CMA 1977). For this reason, I would set aside the convening authority's action and return the record of trial for a new action after appellant is afforded the opportunity to submit to the convening authority such matters as he deems appropriate, with the advice and assistance of counsel.

Approximately two months after appellant's court-martial, the trial defense counsel visited appellant in the brig and advised him of his right to submit a clemency petition to the convening authority. Appellant produced a 15 page letter he had written and, according to appellant, trial defense counsel said he would take the letter, "smooth" it over, have it typed, and mail it back to appellant for his signature and return to counsel so that defense counsel could then submit it to the convening authority. Appellant further asserts that he never saw the letter or trial defense counsel again, nor did he receive any further communication from counsel even though he wrote counsel a letter which was never answered. The trial defense counsel claims that he took the clemency letter from appellant with the mutual understanding that it was to be forwarded to the Naval Clemency and Parole Board for consideration instead of the convening authority. That Board, however, has no record of receiving the letter. Appellate defense counsel, who would have been in a position to follow up on any petition to the Clemency and Parole Board and make a personal appearance on

appellant's behalf, did not receive a copy of the letter or any other communication from trial defense counsel with respect to this matter. Furthermore, when the appellate defense counsel attempted to correspond with the trial defense counsel concerning the case he received no response nor was he able to get counsel to reply by telephone. After these failed attempts, appellate counsel finally reached the trial defense counsel by phone and when he asked about the status of the clemency letter, was told for the first time that it had been submitted to the Clemency and Parole Board rather than the convening authority and that this action had been mutually agreed upon with appellant. This phone conversation was held on 9 February 1981. Subsequently, on 24 April 1981, trial defense counsel submitted an affidavit to appellate Government counsel which enclosed a copy of a letter from the defense counsel to the Naval Clemency and Parole Board dated 22 August 1980. Suffice it to say, that letter is worded as coming from the appellant rather than defense counsel and appears to be merely a typing of something written by the accused with little, if anything, "smoothed over" by counsel. Even accepting the defense counsel's assertion that he sent this unreceived letter to the Naval Clemency and Parole Board, I am unable to find the typing and mailing of such a letter without critical redrafting and further communication with appellant and appellate defense counsel to satisfy the post-trial responsibilities set forth in *United States v. Palenius, supra*. Moreover, if counsel had talked to his client again he would have discovered that appellant wanted to appeal to the convening authority for clemency and was laboring under the mistaken belief that such would be done.

The Court of Military Appeals made it perfectly clear in *United States v. Palenius*, that the trial defense counsel is required to present "pleas to the convening authority for modification or reduction of sentence if in his *or his client's judgment* such is appropriate or desirable." (Emphasis added); *id.* at 93. Counsel did not carry out his client's wishes, even though a suspension of appellant's dishonorable discharge by the conven-

ing authority would have provided appellant, a first class petty officer approaching 20 years of service to the Navy, with the opportunity to invest the benefits accrued after 20 years of military service. I believe the trial defense counsel did not "remain attentive to the needs of his client by rendering him such advice and assistance as the exigencies of the particular case might require." *United States v. Palenius, supra,* at 93.

In my view, trial defense counsel's ineffective post-trial representation was materially prejudicial to the substantial rights of appellant. Counsel's failure to submit appellant's clemency petition to the convening authority was particularly prejudicial since it is at the convening authority's level where the accused has "his first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an addi-

tional chance to prove his worth to his service, and to his country." *United States v. Wise,* 6 U.S.C.M.A. 472, 476, 20 C.M.R. 188, 192 (1955); *United States v. Vara,* 8 U.S.C.M.A. 651, 653, 25 C.M.R. 155, 157 (1958); *United States v. Walker,* 7 M.J. 976 (N.C.M.R.1979); *United States v. D'Aiello,* 5 M.J. 687, 688 (N.C.M.R.1978). I would set aside the convening authority's action and return the record to afford appellant the opportunity to present a redrafted appeal to the convening authority prior to action being taken on the case.