**UNITED STATES, Appellee,**

v.

**Specialist Five Jonathan G. KNIGHT, SSN 530–64–4953, United States Army, Appellant.**

**SPCM 18499.**

U.S. Army Court of Military Review.

30 June 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Robert W. Wiechering, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain

John L. Plotkin, JAGC, and Captain Patrick M. Flachs, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of wrongfully possessing 103.43 grams of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence provides for a bad-conduct discharge.

Because the record of trial contained no evidence that the appellant had been advised of his appellate rights, as required by the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 48 k(3), this Court ordered counsel to submit any available documents, affidavits or memoranda which would tend to establish

 a. whether the trial defense counsel, or anyone else, advised the appellant of his appellate rights;

 b. if the appellant has been advised of his appellate rights, by whom he desires to be represented;

 c. if the appellant has been advised of his appellate rights, what, if any, issues he wants raised on his behalf, *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982); and

 d. if the appellant has not been advised of his appellate rights, what efforts have been made by trial and appellate defense counsel to contact him and so advise him.

Appellate defense counsel's response establishes that the trial defense counsel believes that the appellant executed an "appellate rights statement," but the trial defense counsel has no knowledge regarding the whereabouts of the document. Both the trial defense counsel and appellate defense counsel have made extensive efforts to contact the appellant. The appellant no longer resides at his excess leave address, but now resides in the Federal Republic of Germany. He did not advise military authorities of his change of address. The appellant has not responded to letters and telephone calls made to his current residence in the Federal Republic of Germany.

We are satisfied that the trial defense counsel advised the appellant of his appellate rights. However, the record in this case fails to comply fully with paragraph 48k(3) of the Manual, in that the appellant's request for appellate representation is not attached to the record. We believe that the responsibility for this deficiency is shared by the staff judge advocate, who forwarded the incomplete record; the trial counsel, who has responsibility under paragraph 82 of the Manual for assembly of the record; and the appellant, who has failed to respond to the letters and telephone calls directed to his current residence. We also believe that the trial defense counsel has a duty to take reasonable measures to insure that his client's desires regarding appellate representation are communicated to this Court and that any issues which his client desired to assert before this Court are brought to our attention. *See United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982); *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977). We cannot ascertain from the record whether the trial defense counsel took any additional measures to insure that the request for representation was attached to the record after he delivered it to the court reporter, nor can we ascertain whether that request for representation listed any errors asserted by the appellant. Recognizing that in some commands the request for appellate representation and other allied papers are not included in the copy of the record of trial submitted to the trial defense counsel for his examination, we believe that a trial defense counsel would be well-advised to make appropriate inquiries if a copy of the form is not attached to the copy of the record of trial submitted to him for review and to retain a copy of his client's request for appellate representation until appellate review has commenced.

We must next decide what action, if any, must be taken to correct the deficiency.

We hold that no further action is required in this case. The appellant has frustrated all efforts to correct the deficiency in the record and to protect his right to submit issues pursuant to *United States v. Grostefon, supra.* We do not believe that the Court of Military Appeals intended their *Grostefon* decision to empower an appellant to stop the appellate process.

In this case there were no factual or legal issues raised at trial. On appeal the appellate defense counsel have asserted only that the sentence is unduly severe. We are satisfied that the proceedings are correct in law and fact and that the approved sentence is appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.