**UNITED STATES**

**v.**

**Bruce C. DAHOOD, 003 50 5671, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 90 1630.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 Dec. 1989.

Decided 15 Feb. 1991.

CDR Michael J. Donohue, JAGC, USNR-R, Appellate Defense Counsel.

MAJ G.S. Warner, USMC, Appellate Defense Counsel.

MAJ Laura L. Scudder, USMC, Appellate Government Counsel.

Before ALBERTSON, LANDEN and STRICKLAND, JJ.

LANDEN, Judge:

At a special court-martial, military judge alone, appellant pled guilty to unauthorized absence and missing movement, violations of Articles 86 and 87, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 887, respectively. He was sentenced to confinement for 2 months, forfeiture of $400.00 pay per month for 2 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence.

## Facts

A Captain S represented appellant at trial. The response, on behalf of the appellant, to the staff judge advocate recommendation submitted to the convening authority pursuant to Rule for Courts-Martial (R.C.M.) 1106, was signed by a Captain M. There is no documentation in the record of trial showing that Captain S had been relieved of his defense counsel responsibilities. Also, there is no documentation in the record showing that Captain M had been appointed as substitute counsel, or that he was the attorney of record or that he had an attorney-client relationship with the appellant prior to examining and preparing the response to the staff judge advocate recommendation.[1]

## Discussion

■ The seminal case of *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977) is very clear. It provides that an appellant is entitled to continuous representation by his trial defense counsel until that counsel has been relieved or appellate counsel has been appointed. *Palenius* criticizes the fragmented representation that substitutes a new counsel for a trial defense counsel who is most familiar with issues in the case. However, separation of trial defense counsel from active duty does constitute good cause to sever an existing attorney-client relationship, *United States v. Polk*, 27 M.J. 812, 815 (A.F.C.M.R.1988), unless the original trial defense counsel agrees with the accused to continue in the case as his civilian counsel. *See United States v. Andrews*, 21 U.S.C.M.A. 165, 44 C.M.P. 219 (1972).

Appellate Government counsel has filed with this Court an affidavit from a Captain T which states that Captain M "assumed all active cases" from Captain S when Captain S was released from active duty and that such assumption by Captain M was done with the consent of each accused. The affidavit does not explain how Captain T knows the accused consented to the change of counsel nor does the affidavit identify the active cases. It would have been better if appellate Government counsel had obtained an affidavit from either Captain S or Captain M setting forth their personal knowledge as to what clients were involved, which clients had been informed, and whether substituted counsel had entered into an attorney-client relationship with the client.

If the explicit guidance set forth in Manual of the Judge Advocate General (JAG-MAN), JAGINST 5800.76, § 0152c had been followed, there would have been compliance with *Palenius*, and there would be documentation in the record of trial specifically identifying who was responsible for representing the appellant until the appointment of appellate defense counsel.

---

1. Captain M in his response stated he was the attorney of record and that he had "no comments, corrections, or other matters ... to raise for consideration in accordance with R.C.M. 1105 or 1106, Manual for Courts-Martial, United States, 1984."

As we noted in *United States v. Dunbar*, 28 M.J. 972, 977 (N.M.C.M.R.1989), *aff'd*, 31 M.J. 70 (C.M.A.1990), appellate defense counsel is assigned after an appellant's case has been docketed with this Court. During the interim time period, while the case is in the convening authority review process, trial defense counsel is responsible for the continued representation of the appellant.

Appellant has failed to demonstrate how he was prejudiced by the alleged abuse. We note the following:

1. that appellant has been represented by qualified counsel throughout;

2. that appellant makes no assertions that the representation provided by substituted counsel was ineffective;

3. that appellant has alleged only that the record of trial is devoid of documentation reflecting compliance with *Palenius;* and

4. that appellant does not allege an absence of an attorney-client relationship between himself and substituted counsel.

There should have been documentation in the record of trial regarding the appointment of substitute counsel. However, under the facts and circumstances of this case, the appellant was not prejudiced. We find that the record of trial is adequate, *United States v. McCallum*, 31 M.J. 882 (N.M.C.M.R.1990), and that the sentence is appropriate.

In a footnote to a summary assignment,[2] appellant states that the convening authority failed to comply with R.C.M. 1103(b)(3)(F) as there is no showing that the staff judge advocate's recommendation was served on the appellant. We note that this case was tried on 22 December 1989. The provisions of R.C.M. 1103(b)(3) requiring personal service on the accused became effective on 1 April 1990.[3]

2. Footnote 3 of Summary Assignment of Errors filed on 31 July 1990.

3. We recognize that Article 60(d), UCMJ, may have always required service of the staff judge

The findings and sentence as approved on review below are affirmed.

Senior Judge ALBERTSON and Judge STRICKLAND concur.

advocate recommendation on appellant. Even assuming that, we find appellant has not been prejudiced.