**UNITED STATES**

v.

**Ernest MORGAN, Jr., Yeoman Second Class (E–5), U.S. Navy.**

**NMCCA 200001387.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 4 Feb. 2000.

Decided 27 Jan. 2006.

---

CDR George F. Reily, JAGC, USN, Appellate Defense Counsel.

Lt Anthony S. Yim, JAGC, USNR, Appellate Defense Counsel.

CDR Michael Wentworth, JAGC, USNR, Appellate Defense Counsel.

Maj Wilbur Lee, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, PRICE, Senior Judge, and FELTHAM, Appellate Military Judge.

PRICE, Senior Judge:

This is our second review of this case. Originally, the appellant asserted that: (1) the evidence was legally and factually insufficient; and (2) the staff judge advocate (SJA) failed to serve the addendum to the staff judge advocate's recommendation (SJAR) upon the trial defense counsel. In our first decision we found the second assertion meritorious and remanded the record for a new action. We deferred action on the first assignment of error. *United States v. Morgan,* No. 200001387, 2004 WL 720125 (N.M.Ct. Crim.App.2004). The convening authority has taken a new action and the appellant has since filed supplemental assignments of error.

Contrary to his pleas, the appellant was convicted of indecent assault, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A general court-martial of officer and enlisted members sentenced the appellant to a bad-conduct discharge. In his new action, the convening authority approved the sentence as adjudged.

The supplemental assignments of error are as follows:

III. THE ESTABLISHED ATTORNEY–CLIENT RELATIONSHIP BETWEEN APPELLANT AND HIS ORIGINAL TRIAL DEFENSE COUNSEL WAS IMPROPERLY SEVERED.

IV. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL FOLLOWING REMAND OF THE RECORD FOR A NEW STAFF JUDGE ADVOCATE'S RECOMMENDATION AND CONVENING AUTHORITY'S ACTION.

V. THE APPELLANT WAS DENIED HIS RIGHT TO SPEEDY POST–TRIAL APPELLATE REVIEW.

Appellant's Brief of 31 Jan 2005 at 2. We have carefully considered the record of trial, the four remaining assignments of error, and all appellate filings. We conclude that the second round of post-trial review was also defective and must therefore remand this case once more.

### Severance of Attorney–Client Relationship

The appellant contends that his attorney-client relationship with the original trial defense counsel was improperly severed upon the appointment of substitute defense counsel. We concur that relief is warranted. Accordingly, we shall order a third convening authority's action.

Following our decision of 23 March 2004, the record was returned to the convening authority (CA), Commander, Navy Region Southeast, for a new SJAR and action. More than four years after sentencing, the new SJAR was served on the appellant's original trial defense counsel, Lieutenant Commander (LCDR) Angela Miller, JAGC, U.S. Navy. To obtain advice on what to submit to the CA, LCDR Miller contacted Commander (CDR) George Reilly, JAGC, U.S. Navy, who was one of the appellate defense counsel of record. He forwarded her request to CDR Michael Wentworth, JAGC, U.S. Naval Reserve, who had submitted the original appellate defense brief. CDR Wentworth forwarded copies of the appellate briefs to LCDR Miller and offered extensive advice, including a strong recommendation to urge the CA to set aside the findings because of insufficient evidence.

Before LCDR Miller submitted a response to the SJAR or clemency matters, her supervisor, Captain (CAPT) Max Jenkins, JAGC, U.S. Navy, wrote a letter to the CA requesting "reassignment of defense counsel" in place of LCDR Miller. Commander, U.S. Fleet Forces Command (N02L) ltr 5800 Ser N02L/0056 of 14 May 2004. CAPT Jenkins was the Fleet Judge Advocate for Commander, Fleet Forces Command. LCDR Miller was one of his assistants. The sole justification for the request was: "The scope and demanding operational nature of LCDR Miller's current duties prevent her from effectively representing YN2 Morgan." *Id.*

CAPT Jenkins' letter was apparently forwarded to the Commanding Officer of Naval Legal Service Office Southeast for action because the commanding officer subsequently issued a letter referencing a "Request for Counsel" and detailing Lieutenant Junior Grade (LTJG) Erin Baxter, JAGC, U.S. Naval Reserve, to represent the appellant. Although one might speculate that the request was CAPT Jenkins' letter, nothing before us explains who submitted the "Request for Counsel" or what it said. We presume it did not originate with the appellant because the record clearly indicates that the appellant was not notified of this assignment until after the fact.

LTJG Baxter reviewed the record of trial, this court's decision, and the new SJAR. She had no contact with CDR Wentworth or LCDR Miller. After consultation with the appellant, LTJG Baxter understood the appellant's major concern to be the submission to the CA of the original clemency petition from the first round of post-trial processing. Accordingly, LTJG Baxter attached a copy of the original clemency petition to her written response to the new SJAR. In that response, she also complained that nearly four and one-half years had passed since trial without final appellate review of the matter and reiterated the appellant's request that the bad-conduct discharge be commuted to an administrative discharge.

In his brief, CDR Wentworth now argues that the Government improperly severed the appellant's existing attorney-client relationship with LCDR Miller without obtaining the appellant's consent and without good cause, in violation of RULE FOR COURTS-MARTIAL 505(d)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.). The Government concedes that the attorney-client relationship with LCDR Miller was severed, but argues that CAPT Jenkins' letter established good cause for the severance. We accept the Government's concession as to the issue of severance, particularly since LCDR Miller has apparently done nothing for the appellant since LTJG Baxter's assignment and because LTJG Baxter actively represented the appellant since her assignment. We now turn to the Government's argument that good cause existed for the severance.

Whether the Government had good cause to sever LCDR Miller's attorney-client relationship with the appellant is a question of law we review de novo. United States v. Allred, 50 M.J. 795, 799 (N.M.Ct.Crim.App. 1999). Thus, we accord the detailing authority no deference in reviewing the decision to detail LTJG Baxter in place of LCDR Miller.

In the context of preparations for trial, after formation of an attorney-client relationship, defense counsel may not be changed except when individual military counsel (IMC) has been provided, or the accused or defense counsel requests the change, or for other good cause shown on the record. R.C.M. 505(d)(2)(B). "Good cause" is defined as including "physical disability, military exigency, and other extraordinary circumstances which render ... counsel ... unable to proceed with the court-martial within a reasonable time." R.C.M. 505(f). R.C.M. 506(c) provides that:

Except as otherwise provided in R.C.M. 505(d)(2) and subsection (b)(3)[when IMC has been provided] of this rule, defense counsel may be excused only with the express consent of the accused, or by the military judge upon application for withdrawal by the defense counsel for good cause shown.

In the post-trial setting, we see no reason not to apply the same definition of "good cause."

Nothing in the record indicates that the appellant was provided IMC to assist him in the post-trial processing just concluded. Nor is there any reason to believe that the appellant asked for LCDR Miller to be relieved. Finally, barring any factual basis, we decline to impute her supervisor's request to LCDR Miller.

Was CAPT Jenkins' letter "good cause" for terminating the attorney-client relationship between LCDR Miller and the appellant? We think not. The justification offered by CAPT Jenkins does not provide an adequate factual basis to find a physical disability, military exigency, or other extraordinary circumstance. The inference in the letter seems to be that, since LCDR Miller was currently assigned to a busy and important SJA office, she was incapable of assisting the appellant. We cannot accept such a broad application of the President's definition of the concept of good cause, particularly considering the "heavy burden" the Government bears to justify any action that would sever an attorney-client relationship. See United States v. Spriggs, 52 M.J. 235, 240 (C.A.A.F.2000).

We conclude that the substitution of LTJG Baxter for LCDR Miller was an improper severance of an existing attorney-client relationship. Such an error triggers a presumption of prejudice. Allred, 50 M.J. at 801.

In determining whether this presumption has been rebutted, we are reminded that the CA may take action on the findings purely as a matter of discretion and command prerogative. Because the CA's action is such a highly discretionary Executive function, to obtain appellate relief, the appellant need only make a "colorable showing of possible prejudice." United States v. Wheelus, 49 M.J. 283 (C.A.A.F.1998). Thus, in order to rebut the presumption of prejudice in this case, the Government is required to show that the severance has not resulted in a colorable showing of possible prejudice.

We acknowledge the appellant's argument that, if LTJG Baxter had consulted LCDR Miller, and especially CDR Wentworth, she would have been better equipped to persuade the CA that the findings should be disapproved. The same would have been true if LCDR Miller had taken the initiative to con-

tact LTJG Baxter and consult her regarding helpful recommendations. In fact, we would expect such consultation because of the implications of our superior court's decision in *United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977).

 *Palenius* held that a trial defense counsel has a continuing obligation to assist his client after trial until his client releases him or a court having jurisdiction over the case permits withdrawal.[1] *Palenius*, 2 M.J. at 93. We believe that the same holds true for appellate defense counsel. Thus, LCDR Miller and CDR Wentworth still represent the appellant unless they are in possession of documentation of such a release or judicially-sanctioned withdrawal.[2] Therefore, as a case moves through the appellate review process, including remands to the CA, appellate counsel in the Navy–Marine Corps Appellate Review Activity and substitute trial defense counsel in the field each join the appellant's growing defense team. Each attorney remains on that team until such time as he or she is released by the appellant or a court having jurisdiction, or is excused by competent authority for good cause shown. Accordingly, service of a second or third SJAR on any of the appellant's current counsel of record is deemed to have been service on the appellant.

 As the appellant makes abundantly clear in his appellate pleadings, nobody is currently more familiar with the record of trial and the factual and legal issues than is CDR Wentworth. Hence, it would have been appropriate for the Government to have served CDR Wentworth with the second SJAR. But, whichever member of the defense team is served, that member has a duty to review the record to identify other members of the defense team and to then consult them, as well as the appellant, before deciding how to proceed.

Based on our review of the record, we conclude that the Government has failed to rebut the presumption of prejudice. We must, therefore, order a remand of the record for a third round of post-trial processing.

### Post–Trial Delay

We are keenly aware, as the appellant contends, that nearly six years have passed since he was tried, convicted and sentenced. It is extremely unfortunate that we must set aside the CA's action and trigger more delay in the final resolution of this case. Accordingly, it is imperative that all parties attend to their respective duties with all appropriate speed and diligence to ensure that the interests of justice pertaining to both the appellant and the Government are vindicated. We defer a final ruling on this assignment of error until the record returns to the court.

### Conclusion

In order to first provide the CA with the opportunity to consider any argument of insufficient evidence, we also defer disposition of that assignment of error. The assignment of error of ineffective assistance of counsel is rendered moot by our decision.

The convening authority's action is set aside. Within 30 days of the date of this decision, the SJAR of 27 April 2004 shall be served upon any counsel of record, including CDR Wentworth and LTJG Baxter. We also hold that the SJAR may be served on LCDR Miller, since the Government's severance of her attorney-client relationship was invalid. The defense counsel who is served, the SJA, and the CA are each admonished to act with dispatch, consistent with the interests of justice, to ensure that action is taken as soon as possible. The record shall then immediately be returned to this court for further review. *Boudreaux v. United States Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A.1989).

Chief Judge DORMAN and Judge FELTHAM concur.

---

1. In our collective experience of 13 years as judges on this court, we have not seen a single case in which a trial defense counsel has requested the type of relief as envisioned by *Palenius*, i.e., a motion to withdraw from representation.

2. Counsel who have been released by their client should ensure that the release document is included in the record by an appropriate motion, e.g., *Motion to Withdraw* or *Motion to Attach*, or by enclosure to matters submitted under R.C.M. 1105 or R.C.M. 1106.