Len W. MORROW, D.M.D., Appellant,

v.

BROWN, TODD & HEYBURN, Attorneys at Law, a Kentucky general partnership, John Hays and Richard Plymale, individually and in their capacity as partners in Brown, Todd & Heyburn, Appellees.

No. 96–SC–1055–DG.

Supreme Court of Kentucky.

Dec. 18, 1997.

Timothy Neil Philpot, John C. Roach, Robert E. Wier, Philpot, Ransdell, Roach & Wier PLLC, Lexington, for Appellant.

Glen S. Bagby, J. Robert Lyons, Jr., Brock, Brock & Bagby, Lexington, for Appellees.

GRAVES, Justice.

Len W. Morrow, D.M.D., appeals from a Court of Appeals decision which affirmed the trial court's order granting summary judgment in favor of Appellees, attorneys John Hays and Richard Plymale, and the law firm of Brown Todd & Heyburn (hereinafter "Brown, Todd") in an action against them for wrongful use of civil proceedings. For the reasons herein, we reverse and remand.

This case arises out of a prior civil action for medical malpractice filed by W.C. Poe against Dr. Morrow, in the Fayette Circuit Court. Poe had been referred to Dr. Morrow by his general dentist, Dr. Galbreath, for

a consultation regarding the advisability of dental implants. Both prior to and after meeting with Poe, Dr. Morrow consulted with Dr. Galbreath concerning Poe's dental history. The surgical procedure was performed on September 1, 1988. Subsequently, Poe developed medical problems with the implants. Moreover, he was dissatisfied with their appearance and alleged that Dr. Morrow misrepresented the nature of the implants.

Poe was referred to John W. Hays, an attorney with Brown, Todd. Prior to filing suit, Hays obtained Poe's dental records from both Dr. Morrow and Dr. Galbreath. Hays contacted several dentists and oral surgeons for an opinion as to whether Dr. Morrow deviated from the standard of care. After reviewing Poe's complete history, the doctors stated that they found no deviation from the general standard of care. Thereafter, Hays contacted an additional dentist, Dr. Roger Harris, an oral surgeon in New London, Connecticut. Although Dr. Harris was provided Poe's medical records, he was not given Dr. Galbreath's mounted study models, occlusion rims, and articular mountings. Harris subsequently drafted a letter in which he identified 12 areas of concern, and opined that Dr. Morrow's treatment of Poe fell below the standard of care recognized in the medical field.

On August 24, 1989, Hays filed a medical malpractice action on behalf of Poe against Dr. Morrow alleging negligent treatment, misrepresentation, fraudulent representations, concealment of material facts, and malicious conduct. All claims except negligence were resolved prior to trial by a partial summary judgment in favor of Dr. Morrow. The negligence claim proceeded to trial and a jury found in favor of Dr. Morrow. Although Poe filed a motion for a new trial, he never appealed the adverse final judgment.

On August 28, 1992, Dr. Morrow filed the action herein for wrongful use of civil proceedings against Hays, Plymale, who was another attorney involved in the case, and Brown, Todd. The complaint alleged that Hays lacked probable cause for bringing the prior medical malpractice action, because all expert medical opinions other than Dr. Harris had been favorable to Dr. Morrow, and that Dr. Harris' opinion was based on records which were incomplete due to the fact that Hays did not provide Dr. Harris with all of Poe's dental records.

During the course of discovery, Dr. Morrow sought to obtain Brown, Todd's complete litigation file from the Poe malpractice case. Also during this time, Poe (through a new attorney) executed the following written statement:

> Please be advised that after discussing the matter with my attorney, I have decided to waive my attorney-client privilege with regard to any communications between myself and John W. Hays, Richard Plymale and any other members, associates, staff or employees of the law firm of Brown, Todd & Heyburn with reference to that firm's representation of me in my personal injury claim against Dr. Len W. Morrow.

Brown, Todd produced only selected portions of the file, claiming that the remainder was protected against disclosure because it constituted attorney work-product. After a hearing on the matter, the trial court ruled that Brown, Todd did not have to produce any materials which were work product, and eventually granted summary judgment in favor of Brown, Todd.

Dr. Morrow appealed and the Court of Appeals in a 2–1 decision affirmed the trial court. Relying primarily on federal law, the majority recognized the distinction between the attorney-client privilege and the work product protection, and concluded that unlike the attorney-client privilege, the work product protection can be claimed by the attorney as well as the client. The court stated:

> We reject Dr. Morrow's argument and the line of authority in support thereof that the purpose of the work product doctrine is solely for the protection of the client as against his adversary and, thus, can only be claimed by the client. We believe another purpose of the work product doctrine, aside from protecting the client as against his adversary, is to protect the thought processes of the attorney in evaluating and litigating a claim from being subsequently obtained and used against him or her.

The majority noted that Poe never sought to obtain his own file. "This is not a case where

the interests of the attorney and former client are directly in conflict, such as a malpractice claim against the attorney, and our opinion does not presume to speak to that situation."

The majority further rejected Dr. Morrow's claim that he was entitled to discovery of the file under CR 26.02(3)(a). The majority stated that while the rule permits a party to obtain certain documents prepared in anticipation of litigation upon a showing of substantial need and inability to obtain the materials or an equivalent without undue hardship, said rule does not include materials which constitute opinion work product. The majority relied on the last sentence of the rule which provides, "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." CR 26.02(3)(a).

The Court of Appeals concluded that summary judgment was, in fact, proper because the only evidence supporting Dr. Morrow's claim that Hays relied on an opinion rendered on incomplete facts in bringing the action against Dr. Morrow, was the fact that Dr. Harris did not have the mounted study models, occlusion rims and articular mountings when he rendered the opinion. However, Dr. Harris testified at trial that although he did not have the complete record, the existence or nonexistence of the models would not have affected his opinion. The majority agreed that Dr. Morrow failed to produce any evidence to contradict Dr. Harris' testimony and, as such, no material issue of fact existed.

Judge Johnson dissented, arguing that the majority neglected to consider the "at-issue" exception to the work-product protection, which provides that " 'when the activities of counsel are inquired into because they are at issue in the action before the court, there is cause for production of documents that deal with such activities, though they are 'work product'.' " *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 932 (N.D.Cal. 1976), *quoting* 4 J. Moore, *Federal Practice* § 26.54[4] at 26–447 (2d ed.1975). Dr. Mor-

row appealed and this Court accepted discretionary review.

■ The parties do not dispute that the majority of the documents sought to be discovered are protected by the work-product doctrine. Dr. Morrow, however, argues that Brown, Todd's litigation file from the prior Poe case is subject to discovery because it contains material essential to establishing lack of probable cause for the malpractice action, and that there is no substantial equivalent of the information that he could obtain from other sources. CR 26.02(3)(a). Dr. Morrow asserts that the work-product protection is not applicable to this case because the information sought to be discovered falls within the "at-issue" exception.

The work-product doctrine is designed to protect an adversary system of justice, and is generally traced to the decision of the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

> In performing his various duties, ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.

*Id.* at 510–11, 67 S.Ct. at 393.

The Federal Rules of Civil Procedure substantially codified the *Hickman* decision in what is now Rule 26(b)(3). Its counterpart in the Kentucky Rules of Civil Procedure, CR 26.02(3)(a), is patterned after the Federal Rule and provides, in pertinent part:

> Subject to the provisions of paragraph (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under paragraph (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative (including attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the

preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

This case does not fall within the literal terms of CR 26.02(3)(a), because the rule refers to information generated and impressions gained in preparation for litigating the case in which the rule is invoked. Here, however, Brown, Todd invoked the rule to shield discovery of information generated in a prior case which was final and closed.

Although it is clear from the language of CR 26.02(3)(a) that additional protection is afforded to opinion work product than that afforded to ordinary work product, a consistent line of cases has developed an exception to the protection where a party raises an issue which depends on an evaluation of the legal theories, opinions and conclusions of counsel. For example, in *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 932 (N.D.Cal.1976), it was alleged that the defendants had wrongfully instituted patent infringement cases knowing that the patents sued upon were invalid. Defendants asserted a good faith defense based, in part, on the advice of counsel. Since the opinion of counsel raised a "crucial issue" relevant to the defendant's good faith, the court held that it was essential to allow discovery of the prior work-product in order to afford the plaintiff an opportunity to "ascertain the basis and facts upon which the opinions" of counsel were based. *Id.* at 931.

Plaintiff's success in the instant action depends upon a showing that defendants pursued the prior suits knowing they would be unsuccessful on the merits. Since the lawyers who managed and supervised the former litigation for the defendants are being called as witnesses to express their opinions as to the merits of the prior suits and the validity of the underlying patents, plaintiff has a particularized and compelling need for the production of the relevant work product of these attorneys. Without discovery of the work product, plaintiff will

be unable to ascertain the basis and facts upon which the opinions of these witnesses are based. This will undoubtedly impair plaintiff's ability for effective cross-examination on a crucial issue.

*Id.*

The same disclosure has been required in other cases where an attorney's knowledge regarding a claim litigated in a prior action is itself an issue in subsequent litigation. *In re Sunrise Securities Litigation*, 130 F.R.D. 560 (E.D.Pa.1989); *Coleco Industries, Inc. v. Universal City Studios, Inc.*, 110 F.R.D. 688 (S.D.N.Y.1986); *Byers v. Burleson*, 100 F.R.D. 436 (D.D.C.1983); *Donovan v. Fitzsimmons*, 90 F.R.D. 583 (N.D.Ill.1981). When a party sues a lawyer for malicious prosecution or filing bad faith lawsuits, it is the lawyer's impressions, conclusions, opinions, and legal theories that are in issue. *Handgards, supra.* In bad faith cases against insurance companies, courts have permitted discovery of opinion work product where the mental impressions are at issue in the case and the need for the material is compelling. In *Charlotte Motor Speedway v. International Insurance Co.*, 125 F.R.D. 127 (M.D.N.C.1989), the court held that "[m]any courts faced with the issue of the production of opinion work product have recognized an exception to [the] ... protection for work product which concerns the activities of counsel that are directly in issue." *Id.* at 130. Further in *Brown v. Superior Court*, 137 Ariz. 327, 670 P.2d 725 (1983), the Arizona Supreme Court concluded that opinion work product of an attorney could be discovered in a bad faith action against an insurer because its "substantial equivalent" could not be obtained by other means.

We are aware that some courts have interpreted the language in the later part of Rule 26(b)(3) as an absolute protection of opinion work product which no showing of necessity can overcome. The Fourth Circuit in *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975), held that an attorney's work product is immune from discovery although the litigation for which it was developed is over and the opinion itself was a fact

relevant to a subsequent litigation. The court relied on "the whole tenor of the *Hickman* opinion that the court was concerned with protecting the thought processes of lawyers and thus the very adversary system." *Id.* at 734. Similarly, the Eighth Circuit has held that mental impression work product "enjoys a nearly absolute immunity and can only be discovered in very rare and extraordinary circumstances ... yet unencountered by this court." *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977).

However, in *Upjohn Co. v. U.S.,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the United States Supreme Court in addressing the divergent lines of authority stated "[w]hile we are not prepared at this juncture to say that such material is always protected by the work-product rule, we think a far stronger showing of necessity and unavailability by other means ... would be necessary to compel disclosure." *Id.* at 401–402, 101 S.Ct. at 688–89. Thus, "while it is clear that the Supreme Court is reluctant to recognize exceptions to Rule 26(b)(3), *Upjohn* indicates its willingness to do so...." *Charlotte Motor Speedway, supra* at 130.

■■■ We similarly interpret Cr 26.02(3)(a) not as an absolute protection, but rather a requirement that the party seeking discovery show that it has a more substantial need to review opinion work product than would be required to review non-opinion work product. The question then necessarily becomes what constitutes a stronger showing of substantial need. We are of the view that the opinion work product sought to be discovered must be directed to the pivotal issue in the subsequent litigation and the need for the material must be compelling. *See Holmgren v. State Farm Mutual Auto. Ins. Co.,* 976 F.2d 573 (9th Cir.1992).

We find persuasive the language set forth in *The Attorney–Client Privilege and the Work–Product Doctrine,* published by the American Bar Association's Section of Litigation:

> Generally speaking, when a lawyer's activities are instrumental in proving an issue in dispute, discovery of opinion work product is accorded.
>
> \*   \*   \*   \*   \*   \*

A plaintiff has a good chance of obtaining opinion work product from a defendant's counsel when the claim is that an insurance company wrongfully refused to settle an insurance claim, or that an action was prosecuted maliciously. In each such instance, the crucial issues that form the proof for the claim are likely to include what the lawyer knew, when the lawyer knew it, and how the lawyer knew it. Thus, the nature of the claim itself often necessarily puts work product into play.

Edna Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine,* American Bar Association Section of Litigation (3d ed.1997).

When applied to this case, the pivotal issue/compelling need standard supports discovery of Brown, Todd's litigation file from the prior Poe case. The underlying validity of the malpractice action against Dr. Morrow is an issue in the malicious prosecution case. The abuse of process claim depends directly on whether or not Hays, and Brown, Todd, believed there was a valid claim at the time the malpractice action was filed against Dr. Morrow.

We find this situation analogous to an action against an insurer for bad faith. The processing of a claim by an insurer is almost an entirely internal operation and its file reflects a contemporaneous record of the handling of the claim. The need for such information is not only substantial, but overwhelming. *See Brown v. Superior Court, supra* 670 P.2d at 734. Similarly, Dr. Morrow has a compelling need for the material he is seeking in that it is the only source of information as to why, and on what grounds, Hays and Brown, Todd proceeded in the manner that they did. Moreover, we perceive no other way for him to obtain a "substantial equivalent" of the materials by alternative means.

While an attorney's private thoughts are most certainly deserving of special protection, that concern for privacy must give way when the activities of counsel are directly at issue in subsequent litigation. This Court has recognized the viability of causes of action for malicious prosecution, *Prewitt v. Sexton,* Ky., 777 S.W.2d 891 (1989), and bad

faith. A *per se* rule that opinion work product may never be discovered, especially in actions such as these, creates too great of an impediment to the proper functioning of the legal process.

 While we agree that Dr. Morrow has met the standard of need for discovery of the material in question, we strongly believe that production of opinion work product should not be ordered without a prior *in camera* inspection by the trial court. *See United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) (Court permitted *in camera* review of allegedly privileged attorney-client communications to determine applicability of crime-fraud exception to privilege). The party seeking to prevent discovery should bear the burden of showing the nonrelevance of the material. However, upon inspection, the trial court has the ultimate discretion in determining discoverability.

Therefore, we reverse the Court of Appeals decision affirming summary judgment in favor of Brown, Todd, and remand to the trial court to conduct an *in camera* inspection and further proceedings in accordance with this opinion.

All concur.