UNITED STATES, Appellee

v.

Phillip C. DORMAN, Airman
U.S. Air Force, Appellant

No. 02-0884

Crim. App. No. 34237

United States Court of Appeals for the Armed Forces

Argued March 11, 2003
Decided June 13, 2003

CRAWFORD, C.J., delivered the opinion of the Court, in
which GIERKE, EFFRON, BAKER, and ERDMANN, JJ., joined

Counsel

For Appellant: Mr. Philip D. Cave, Esq. (argued); Colonel
Beverly B. Knott, Major Maria A. Fried, Major Karen L. Hecker,
and Major Terry L. McElyea (on brief).

For Appellee: Captain C. Taylor Smith (argued); Colonel LeEllen
Coacher, Lieutenant Colonel Lance B. Sigmon, and Major John D.
Douglas (on brief); Colonel Anthony P. Datillo and Major Eric D.
Placke.

Military Judge: Mark R. Ruppert

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

United States v. Dorman, No. 02-0884/AF

Chief Judge CRAWFORD delivered the opinion of the Court.

On August 3, 2000, Appellant was tried by a military judge sitting alone as a general court-martial convened at Beale Air Force Base (AFB), California.  Pursuant to his pleas, Appellant was convicted of one specification of attempted wrongful use of a controlled substance, three specifications of wrongful use of a controlled substance, and one specification of wrongful distribution of a controlled substance, in violation of Articles 80 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 912a (2000).  Appellant was sentenced to a bad-conduct discharge, confinement for ten months, total forfeiture of pay and allowances, and reduction to E-1.  On September 13, 2000, the convening authority reduced Appellant's confinement to eight months and approved the remainder of the sentence as adjudged.  On June 28, 2002, the Air Force Court of Criminal Appeals affirmed the findings and sentence.  United States v. Dorman, 57 M.J. 539, 546 (A.F. Ct. Crim. App. 2002).  Thereafter, on November 26, 2002, we granted review of the following issue:

> WHETHER THE COURT BELOW ERRED BY REFUSING TO PROVIDE
> APPELLATE DEFENSE COUNSEL WITH ACCESS TO THE CASE
> FILE OF THE TRIAL DEFENSE COUNSEL, IN DIRECT
> VIOLATION OF THIS COURT'S CLEAR PRECEDENTS AND BY
> NOW REQUIRING APPELLATE DEFENSE COUNSEL TO VIOLATE
> THE RULES OF PROFESSIONAL CONDUCT AND THE STANDARDS
> FOR CRIMINAL JUSTICE BEFORE BEING GRANTED SUCH
> ACCESS TO THE FILE AND BY ALSO FAILING TO CONSIDER

THE TRIAL DEFENSE COUNSEL'S ETHICAL OBLIGATION TO
TURN OVER HER FILE UNDER HER STATE BAR RULES.

We hold that the court below erred by refusing to provide appellate defense counsel with access to trial defense counsel's case file. However, appellate defense counsel has since had access to the requested information, but to this date has failed to demonstrate prejudice. Thus, we affirm the decision below.

FACTS

Appellant was a 19-year-old Airman First Class with approximately 11 months of service at the time of his earliest offense. Appellant reported to Beale AFB in January 1999. Roughly seven months later, after a period of temporary duty in Saudi Arabia, he became involved in the drug scene in and around Beale AFB and the nearby civilian community of Yuba City, California.

Appellant's first drug experience occurred on July 7, 1999, when he ingested methamphetamine and smoked marijuana at a party in Yuba City. During the weeks that followed, Appellant continued his drug use on a series of occasions: smoking marijuana in a truck parked in his dormitory parking lot; inhaling methamphetamine in his dormitory room (but becoming ill and flushing the remainder down the toilet); possessing psilocybin mushrooms and eating them with pasta; and purchasing, using, and selling ecstasy pills. On October 26, 1999,

Appellant used marijuana one final time with an airman at a party in Yuba City.

Upon questioning by the Office of Special Investigations (OSI) on October 31, 1999, Appellant gave a full confession and agreed to be an informant for both the OSI and civilian police. His efforts were instrumental in the apprehension of several drug suppliers in the Yuba City/Beale AFB area. Appellant's then-girlfriend and current wife, Airman Nicole Ferranti, was also court-martialed for her involvement in the crimes.

Appellant was represented at trial by military defense counsel A, an area defense counsel, and military defense counsel B, a circuit defense counsel. Military defense counsel B also participated in the defense of Appellant's wife. Recognizing the possibility of a conflict of interest, the military judge questioned Appellant at length concerning Appellant's understanding of his right to obtain different, conflict-free counsel. The judge ultimately concluded that Appellant understood his right to conflict-free representation and voluntarily waived that right.

After Appellant's record of trial was docketed at the Court of Criminal Appeals, he retained civilian appellate counsel to work on the appellate defense team. In the course of his preparation, civilian appellate counsel asked military defense counsel A for her trial file regarding Appellant's case.

United States v. Dorman, No. 02-0884/AF

Military defense counsel A asked precisely what information civilian appellate counsel sought, and he responded that he had a release from Appellant to review the entire file.  Despite her initial hint at cooperation, military defense counsel A eventually refused the request, a refusal sustained by the court below.

After civilian appellate counsel filed a motion in this Court to compel production of the requested information, military defense counsel turned over all of the requested information.  As a result, the motion was withdrawn.  United States v. Dorman, 57 M.J. 466 (C.A.A.F. 2002).

DISCUSSION

In United States v. Dupas, 14 M.J. 28 (C.M.A. 1982), this Court held that when a client raises a claim of ineffective assistance of counsel, trial defense counsel must provide appellate defense counsel with reasonable access to the case file.  In the present case, we consider whether trial defense counsel must grant appellate defense counsel access to the case file upon request, regardless of whether there is a claim of ineffective assistance of counsel.  This is a question of law that we review de novo.  United States v. McElhaney, 54 M.J. 120, 125 (C.A.A.F. 2000).

Two concepts of law are at issue.  First, individuals accused of crime shall have the assistance of counsel for their

defense through completion of their appeal.  Art. 70(c), UCMJ, 10 U.S.C. § 870(c) (2000); Rule for Courts-Martial 1202(b)(2); United States v. Palenius, 2 M.J. 86, 89 (C.M.A. 1977)(citing Faretta v. California, 422 U.S. 806 (1975); Argersinger v. Hamlin, 407 U.S. 25 (1972); Gideon v. Wainwright, 372 U.S. 335 (1963); Powell v. Alabama, 287 U.S. 45 (1932)).  This right includes the right to the effective assistance of counsel on appeal.  See United States v. Hullum, 15 M.J. 261, 267 (C.M.A. 1983); Palenius, 2 M.J. at 90.  Second, trial defense counsel maintains a duty of loyalty to an appellant during appellate review.  As we stated in United States v. Schreck, 10 M.J. 226, 228 (C.M.A. 1981), "[t]he loyalty of defense counsel to his client - before, during, and after trial - is a cornerstone of military justice."  Thus, even after trial, "the trial defense attorney should and can with honor be of much more assistance to his client and to the court."  Palenius, 2 M.J. at 93.

In short, trial defense counsel maintains a continuing obligation to the client beyond the trial's conclusion, which includes providing reasonable assistance where permitted and refraining from acting in a manner inconsistent with the client's right to effective assistance of counsel on appeal. Implicit in both the right to appeal and counsel's duty of loyalty is the understanding that trial defense counsel will not interfere with appellate defense counsel's representation, and

6

to the extent necessary and possible, will assist appellate defense counsel in preparing the appeal.

That said, trial defense counsel's post-trial obligations must be consistent with the ethical duty of confidentiality.[1] "A lawyer shall not reveal information relating to the representation of a client <u>unless the client gives informed consent</u>, the disclosure is impliedly authorized in order to carry out the representation or the disclosure [is otherwise permitted by this rule]." Model Rules of Prof'l Conduct R. 1.6(a) (2003)(emphasis added).[2] "A fundamental principle in the client-lawyer relationship is that, <u>in the absence of the client's informed consent</u>, the lawyer must not reveal

---

[1] Although our discussion focuses on the ethical duty of confidentiality, our analysis also applies to the related evidentiary concept of attorney-client privilege. The attorney-client privilege, which includes the work product doctrine, is an evidentiary concept that may be invoked "in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client." Model Rules of Prof'l Conduct R. 1.6 cmt. 3 (2003). By contrast, attorney-client confidentiality "applies in situations other than those where evidence is sought from the lawyer through compulsion of law," and "applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source." Id.

[2] The Army, Air Force, and Navy have each adopted the American Bar Association Model Rules of Prof'l Conduct R. 1.6. (2003). See Dep't of the Army, Regulation No. 27-26, Rules of Professional Conduct for Lawyers Rule 1.6, at App. B (May 1, 1992); Dep't of the Navy, JAGINST 5803.1B, Professional Conduct of Attorneys Practicing Under the Cognizance and Supervision of the Judge Advocate General Rule 1.6, at encl. B (February 11, 2000); Dep't of the Air Force, TJAG Policy No. 26, Rules of Professional Conduct Rule 1.6, at Attachment 1 (February 4, 1998). The Coast Guard has indicated that "[a]s far as practicable and when not inconsistent with law, the MCM, Coast Guard Regulations, COMDTINST M5000.3 (series), and [sic] the American Bar Association Model Rules of Professional Conduct . . . apply to Coast Guard courts-martial." Coast Guard Military Justice Manual, COMDTINST M5810.1D Art. 6.C.1 (August 17, 2000).

information relating to the representation." Id. cmt. (emphasis added).

Pursuant to trial defense counsel's continuing obligation to the client and the corresponding duty of confidentiality, we hold that trial defense counsel must, upon request, supply appellate defense counsel with the case file, but only after receiving the client's written release.[3] If trial defense counsel believes that disclosure of particular information from the file would entail a material risk to the client, counsel should provide an "explanation [to the client] about the material risks of and reasonably available alternatives to the proposed course of conduct." Model Rules of Prof'l Conduct R. 1.0(e) (2003). This protocol supports trial defense counsel's continuing obligation to the client by providing appellate defense counsel with information counsel may need to be an effective appellate advocate. See Anders v. California, 386 U.S. 738, 744 (1967)(noting that appellate counsel's "role as advocate requires that he support his client's appeal to the

---

[3] Various state rules and opinions implement a similar protocol. See, e.g., Arizona Ethical Rule 1.16(d)(requiring attorney to provide client with a copy of file if failing to do so would prejudice client's interests); California Standing Comm. on Prof'l Responsibility & Conduct, Formal Op. No. 1994-134 (1994)(requiring attorney to make file available to client or successor counsel on demand, with limited exceptions); Supreme Court of Georgia, Formal Op. No. 87-5 (1988)(establishing a duty to release client files and papers, including work product created during billable time); Iowa Supreme Court Board of Prof'l Ethics and Conduct, Formal Op. No. 87-21 (1988)(noting that files belong to client, who has the right to direct where they are sent);

best of his ability"). At the same time, the duty of confidentiality is preserved, as the client must authorize the case file's release.

To be sure, there are exceptions to this general rule which may require withholding the release of some information. For example, "if information has been provided to a lawyer on the promise that it will be kept in confidence - even with respect to his client - the confidentiality of that information must be maintained." Dupas, 14 M.J. at 31. Moreover, to the extent that a statute or court order limits access to specific persons or entities in a manner that has the effect of excluding appellate defense counsel, trial defense counsel is subject to the limitations and procedures governing access under the statute or order. Such information might include matter designated by the government as classified and documents governed by protective orders. In such a situation, appellate defense counsel must obtain access through the procedures established by the statute or court order.

Finally, "[i]f for some reason, cost to the attorney is involved in reproducing documents or providing access, the client must provide for reimbursement of those costs." Id.

For these reasons, we find that the court below erred by refusing to require trial defense counsel to turn over her case

---

State Bar of Michigan, Informal Op. No. CI-926 (1983)(requiring counsel to

file to appellate defense counsel.  Nevertheless, after receiving all the requested information, Appellant has failed to demonstrate that the error resulted in any material prejudice to his substantial rights.  Thus, the error was harmless.  <u>See</u> Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

assist client or new counsel with material of legal significance).