UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, JOHNSON, and HOFFMAN
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Private First Class MARCO J. MEJIA
 United States Army, Appellee

 ARMY 20071423

 Headquarters, Fort Hood (trial)
 III Corps and Fort Hood (action)
 Gregory Gross, Military Judge
 Lieutenant Colonel Richard W. Rousseau, Staff Judge Advocate (trial)
 Colonel Mark Cremin, Staff Judge Advocate (recommendation)
 Colonel John W. Miller II, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Bradley Voorhees, JA; Captain Adam K. Mellor,
JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Captain James T.
Dean, JA.

 28 July 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, contrary to his pleas, of desertion and missing movement by
design, in violation of Articles 85 and 87, Uniform Code of Military
Justice, 10 U.S.C. §§ 885 and 887 [hereinafter UCMJ]. The military judge
sentenced appellant to a dishonorable discharge, confinement for seventeen
(17) months, and reduction to E1. The convening authority approved the
adjudged sentence.

 This case is before the court for review under Article 66, UCMJ.
Appellant alleges he suffered prejudicial error because his civilian
defense counsel, Mr. JPG, submitted clemency matters to the convening
authority without input from appellant. Specifically, appellant claims he
faxed documents to his civilian defense counsel, including several letters,
certificates of training, and a progress report from the regional
corrections facility psychologist, that were not presented to the convening
authority. We agree appellant suffered prejudicial error and order a new
recommendation and action to ensure a meaningful opportunity for sentence
relief.
 Law and DISCUSSION
 An accused’s best chance for clemency rests with the convening
authority. See United States v. Wheelus, 49 M.J. 283, 287 (C.A.A.F. 1998).
 Consequently, a convening authority’s review of an accused’s clemency
matters “is uniquely critical to an accused.” United States v. Hamilton,
47 M.J. 32, 35 (C.A.A.F. 1997). If the convening authority “has not seen a
convicted member’s clemency submission, it is well established that he has
not been afforded his best hope for sentence relief. See Spurlin, 33
M.J.at 445 (quotations and citations omitted); see also Sosebee, 35 M.J. at
894.

 Furthermore, an accused must receive adequate and appropriate
representation throughout the entire appellate process, including post-
trial clemency submissions. See United States v. Garner, 34 M.J. at 575,
577 (A.C.M.R. 1992) (citations omitted). Just as counsel must inform his
client on what is being done on his behalf during pretrial and trial
stages, “so too should counsel engage in informative discussions with the
client during the post-trial stage.” United States v. Hicks, 47 M.J. 90,
93 (C.A.A.F. 1997). Regardless of circumstance, defense counsel are
obligated to seek to act in the client’s best interests. United States v.
Dorman, 58 M.J. 295, 297 (C.A.A.F. 2003).

 Appellant submitted an affidavit claiming he faxed several documents
to his civilian defense counsel, and Mr. JPG failed to submit these
documents to the convening authority. Based upon appellant’s affidavit and
the existing record of trial, we are not confident appellant was “afforded
a full opportunity to present matters to the convening authority prior to
action on the case.” United States v. Hawkins, 34 M.J. 991, 995 (A.C.M.R.
1992). We, therefore, deem it appropriate under the circumstances of this
case to return the case for a new review and action.

 CONCLUSION

 The convening authority’s initial action, dated 21 August 2008, is set
aside. The record of trial is returned to The Judge Advocate General for a
new staff judge advocate recommendation and a new initial action by the
same or a different convening authority in accordance with Article 60(c)-
(e), UCMJ. This remedy will afford appellant the requested opportunity to
submit clemency matters to the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court