# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JASON E. DUNHAM**
**United States Army, Appellant**

ARMY 20150467

United States Army Combined Arms Support Command
James W. Herring, Jr., Military Judge
Lieutenant Colonel John S. Frost, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Tara O'Brien Goble, JA (on brief).

13 February 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

Where the record and filings in the case compellingly demonstrate appellant received the benefit of competent and diligent counsel at trial, we reject as "improbable" his claim to the contrary.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of aggravated sexual assault of a child, abusive sexual contact with a child, indecent acts, and sodomy with a child under sixteen years old, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 (2012 & Supp. I 2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for thirty months, and reduction to the grade of E-1.

We review the case under Article 66, UCMJ. Through appellate defense counsel, appellant maintains one *assigned* error–ineffective assistance of counsel

DUNHAM–ARMY 20150467

(IAC)–which merits brief discussion, but no relief. Appellant's submissions under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), lack merit.

Appellate defense counsel filed a brief on 22 June 2016, alleging IAC in particulars mirroring appellant's 9 June 2016 affidavit, which stated:

> Prior to my court-martial, my defense counsel never discussed our sentencing strategy with me. We never discussed the purpose or importance of giving an unsworn statement, nor did my defense counsel explain that I could have witnesses testify about my good duty performance during the presentencing proceedings. The only time we discussed an unsworn statement was after the verdict was issued and my defense counsel told me that I could give one. He did not encourage me to give one, and again, never explained its purpose. As such, I elected not to give an unsworn statement because I was not prepared to speak to the military judge at that point. Had I been prepared or properly advised, I would have given an unsworn statement. Further, had I known that I could have had witnesses testify on my behalf during presentencing proceedings, I would have asked that several of my former leaders, including squad leaders and platoon sergeants, testify on my behalf.

We ordered affidavits from appellant's civilian and military defense counsel,[*] all of whom responded. The affidavits offer a picture of a defense team that undertook significant efforts to contact, interview and assess potential defense witnesses. We read accounts of defense counsel who candidly shared these assessments with appellant. We considered their declarations that they advised appellant of his rights in defense, extenuation, and mitigation.

Assuming, without deciding, the aforementioned submissions left us with any doubt regarding the adequacy of appellant's IAC claim, we note with great interest two additional documents submitted to us by trial defense counsel: a rights advice form created by the Defense Counsel Assistance Program, used by counsel in the field (the form covers, *inter alia*, appellant's rights in defense, extenuation, and mitigation, to include calling witnesses); and, a case-specific memorandum documenting appellant's understanding of his right to make an unsworn statement during sentencing and his decision not to do so. Comparing appellant's signature on the affidavit that prompted this post-trial scrutiny with the ones on these two

---

[*] Over the course of his case at the trial level, appellant was represented by three military defense counsel and one civilian defense counsel.

subsequently filed documents, the signatures appear to be his. Indeed, he has not challenged them.

Appellant filed no reply to the government's appellate brief, nor did he oppose its motion to attach the documents summarized above.

Assuming, without deciding, appellant's affidavit is factually adequate, we conclude a post-trial evidentiary hearing is not required, because "the appellate filings and the record as a whole compellingly demonstrate the improbability of those facts" and we may therefore "discount those factual assertions and decide the legal issue." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (internal quotations omitted). Bearing in mind the law governing appellant's inalienable Constitutional and codal rights to counsel, we further conclude he received the full protections thereof in the trial of his case. *See United States v. Strickland*, 466 U.S. 668 (1984); *United States v. Gooch*, 69 M.J. 353 (C.A.A.F. 2011); *United States v. Aguigui*, ARMY 20140260, 2016 CCA LEXIS 669 (Army Ct. Crim. App. 18 Nov. 2016).

Finally we note that, with appellant's affidavit alleging IAC, the appellate defense team had authority to request and obtain trial defense counsel's case file under *United States v. Dorman*, 58 M.J. 295, 298 (C.A.A.F. 2003). We do not speculate whether they deemed such access and review necessary in the exercise of due diligence, nor do we suggest it is mandatory for an appellate defense counsel to do so before submitting an appellant's affidavit to government authorities in furtherance of an appeal. However, given their opportunity to previously review documents that so "compellingly demonstrate the improbability" of appellant's claim, we are left to wonder why counsel assigned this matter as error. Furthermore, doing so could have prevented the appellate defense team from inadvertently advising appellant to make what may be a false official statement in violation of Article 107, UCMJ.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3