**Michael POLLY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2016-CA-001903-MR**

Court of Appeals of Kentucky.

AUGUST 11, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Michael Polly, pro se, LaGrange, Kentucky.

BRIEFS FOR APPELLEES: Andy Beshear, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: COMBS, JOHNSON, AND J. LAMBERT, JUDGES.

## OPINION

JOHNSON, JUDGE:

Michael Polly appeals from a Boone Circuit Court order denying a motion to require his counsel to turn over his case file. We vacate and remand for further proceedings.

Polly entered a plea of guilty to charges of assault in the first degree, wanton endangerment in the first degree, terroristic threatening in the third degree and viola-

tion of a Kentucky EPO/DVO. He received a total sentence of ten years, but that sentence was probated for five years.

Polly's probation was revoked about one month later for having made contact with the victim. On August 1, 2016, he filed a motion for shock probation which was denied following a hearing. On October 3, 2016, he filed a second motion for shock probation. The trial court denied the motion in an order entered on October 24, 2016.

On October 25, 2016, Polly filed a *pro se* motion to require his attorney to turn over his "personal legal material." The motion stated that his prior attorney, Chris Jackson, had concluded his representation of Polly and that all legal material related to Polly should have been returned to him. He attached a letter dated September 17, 2016, which he had sent to Jackson requesting the file. He also filed a motion to proceed *in forma pauperis* on his motion to vacate sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court entered an order granting Polly leave to proceed with his post-conviction motion *in forma pauperis*, and granting his motion for appointment of counsel from the Department of Public Advocacy. The trial court denied the motion relating to the attorney's case file, however, holding that it did not have jurisdiction over the matter. This appeal by Polly followed.

In *Hiatt v. Clark*, 194 S.W.3d 324 (Ky. 2006), a former criminal client seeking post-conviction relief tried unsuccessfully to obtain his case file, including work product, from his attorney. The Kentucky Supreme Court held that upon termination of paid representation, whether the attorney is paid by the client or from other sources, such as Legal Aid, the client is entitled to the entirety of his file, work product included. *Id.* at 328-29.

■ The Commonwealth concedes that under *Hiatt*, Polly is entitled to obtain at least a copy of his case file from his attorney.

■ As to the trial court's holding that it lacked jurisdiction to grant the motion, presumably because Chris Jackson was not a party to the case, we turn for guidance to an unpublished opinion of this Court cited by the Commonwealth, *Brewer v. Commonwealth*, No. 2011-CA-000760-MR, 2012 WL 3060496 (Ky. App. July 27, 2012); Kentucky Rules of Civil Procedure (CR) 76.28(4)(c). In *Brewer*, the attorney from whom the file was sought was neither a party to the underlying case nor to the appellant's post-conviction motions, but had served as his attorney at trial. *Id.* at *1. The trial court assumed it could not compel the attorney to turn over the case file because he was not a named party to the post-conviction action. *Id.* The *Brewer* court disagreed, noting that in *Hiatt*, the attorney was not a named party to the action either, yet the *Hiatt* Court held that the trial court acted erroneously by refusing to compel the production of the case file, although it was clearly "within its jurisdiction." *Id.* (quoting *Hiatt*, 194 S.W.3d at 328). The *Brewer* court concluded that the trial court was within its jurisdiction to compel the attorney to turn over the case file in the case before it, where ineffective assistance of counsel claims had already been made. *Id.* at *2.

As the Commonwealth has observed, however, there is no evidence in the record regarding the status of the file, beyond a copy of Polly's letter to his former attorney. The case must be remanded, therefore, for further proceedings.

The order of the Boone Circuit Court denying Polly's motion is vacated, and the matter is remanded to determine whether Polly's trial counsel has provided the case file. If necessary, the trial court will enter

an order directing counsel to provide the file to Polly.

ALL CONCUR.